**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **S.K.**

**No. 22-709** (Kanawha County 21-JA-585)

**MEMORANDUM DECISION**

Petitioner Mother, R.S.K.,[1] appeals the Circuit Court of Kanawha County's August 11, 2022, order terminating her parental rights to the child, S.K.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In October 2021, the DHHR filed a petition alleging that the petitioner gave birth to a drug-affected child, S.K., in a toilet. Following an adjudicatory hearing, at which the petitioner was not present, the circuit court found that petitioner abused and neglected the child based on the testimony of a Child Protective Services ("CPS") worker. The subsequent adjudicatory order, however, was a form document containing quoted statutory language with blanks next to each "finding" where the court could include a checkmark to indicate that the "finding" was being made and a blank line where a name could be handwritten in order to designate to whom the "finding" applied. In the order, the court found—by checking boxes—that the child was abused and neglected and that petitioner was an abusing parent.[3]

Following adjudication, petitioner filed a motion for a post-adjudicatory improvement period. The court then proceeded to a dispositional hearing in August 2022, during which both the DHHR and the guardian supported termination of petitioner's parental rights. Petitioner was not present for disposition. The circuit court was advised by counsel that petitioner had been in a

---

[1]Petitioner appears by counsel, Sandra K. Bullman. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel, Attorney General Patrick Morrisey and Assistant Attorney General Steven R. Compton. Counsel Jennifer Victor appears as the child's guardian ad litem ("guardian").

[2] We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

[3]On appeal, petitioner did not raise an assignment of error concerning the court's adjudicatory order, although she correctly points out that the court made no specific findings.

recovery facility but that she had checked herself out the night prior to the hearing and that she was aware of the hearing. The evidence, which consisted of further testimony from the same CPS worker who testified at adjudication, indicated that petitioner had participated sporadically in individualized parenting and adult life skills, but had not participated in any random drug screens. At the close of the evidence, the court denied petitioner's motion for an improvement period but did not provide specific findings in support of its ruling. The court then terminated petitioner's parental rights stating "she hasn't participated in anything. Walked away from treatment last night. And knew the hearing was today. She's had prior terminations. So she knows what a disposition is and what it means." Similar to the adjudicatory order, the dispositional order is a form document containing language from applicable statutes with a blank space for checkmarks to indicate that "findings" have been made and a space for handwriting the names of any adult or child to whom these "findings" are meant to apply. By checking boxes, the court "found" that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that the best interest of the child requires termination of petitioner's parental rights. The court then terminated petitioner's parental rights to the child. The final dispositional order did not include the court's ruling on the motion for an improvement period. It is from the dispositional order that petitioner appeals.[4]

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). Further, we have explained that

> [w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children adjudicated to be abused or neglected has been substantially disregarded or frustrated, the . . . case [will be] remanded for compliance with that process.

Syl. Pt. 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001). Before this Court, petitioner raises two assignments of error. First, petitioner states that it was error for the circuit court to terminate her parental rights without the opportunity for an improvement period. Second, petitioner states that it was error for the circuit court to terminate her parental rights when there were less restrictive alternatives available.

Upon our review, we are unable to properly address petitioner's assignment of error concerning the denial of her motion for a post-adjudicatory improvement period because the record does not reveal any findings by the circuit court on this motion. In discussing the sufficiency of dispositional orders in abuse and neglect proceedings, we previously explained that

> [p]rocedurally, these various directives [set forth in the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes] also provide the necessary framework for appellate review of a circuit court's action. Where a lower court has not shown compliance with these requirements in a final order, and such

---

[4]The circuit court also terminated the father's parental rights. The permanency plan for the child is adoption in the current placement.

cannot be readily gleaned by this Court from the record, the laudable and indispensable goal of proper appellate review is thwarted.

*In re Edward B.*, 210 W. Va. 621, 632, 558 S.E.2d 620, 631 (2001). We further explained that "[a]dequate findings must be made in order to protect the rights of litigants and to facilitate review of the record by an appellate court." *Id.* (citation omitted). *Edward B.* concerned a dispositional order that failed to include specific findings required for termination of parental rights. *Id.* at 629-30, 558 S.E.2d at 628-29. Although that is not the precise situation at issue in petitioner's first assignment of error, it is nonetheless instructive in a circumstance in which the court made no findings and issued no order regarding petitioner's motion for a post-adjudicatory improvement period. Such motions are left to the court's discretion. *See In re Tonjia M.*, 212 W. Va. 443, 448, 573 S.E.2d 354, 359 (2002). However, this Court is unable to undertake a review of whether an abuse of discretion occurred if the circuit court failed to include any findings or a ruling in regard to this motion. Accordingly, we must remand the matter so that the circuit court may enter a new dispositional order with a ruling on petitioner's motion for a post-adjudicatory improvement period, including sufficient findings of fact and conclusions of law to support the ruling.

In her second assignment of error, petitioner alleges that the circuit court erred in terminating her parental rights when less restrictive dispositional alternatives were available. Again, it is impossible for this Court to review this assignment of error, given the circuit court's conclusory "findings" set forth in its dispositional order, which consisted simply of the court checking boxes next to statutory language it believed was applicable. As we have previously held, such conclusory declarations are insufficient for termination of parental rights.

> Where a trial court order terminating parental rights merely declares that there is no reasonable likelihood that a parent can eliminate the conditions of neglect, without explicitly stating factual findings in the order or on the record supporting such conclusion, and fails to state statutory findings required by West Virginia Code § [49-4-604(c)(6)] on the record or in the order, the order is inadequate.

*Edward B.*, 210 W. Va. at 624, 558 S.E.2d at 623, Syl. Pt. 4, in part.

Specifically, West Virginia Code § 49-4-604(c)(6) explicitly states that, in order to terminate parental rights, a circuit court must find that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future and that termination is necessary for the child's welfare. Here, the order simply declared that the children's best interests required termination of petitioner's parental rights. Further, the order declared that there was no reasonable likelihood that the conditions of abuse and neglect could be substantially corrected but did not include factual findings in support. We believe that the overall form of the order on appeal demonstrates the conclusory nature of these findings, which this Court has expressly found to be inadequate. As such, we find that it is necessary to vacate the dispositional order and remand the matter for the entry of a new order containing detailed findings of fact and conclusions of law specific to petitioner in support of the dispositional alternative the court finds appropriate.

For the foregoing reasons, we vacate the circuit court's August 11, 2022, order terminating petitioner's parental rights[5] and remand the matter with instructions for the court to enter a new dispositional order addressing petitioner's motion for a post-adjudicatory improvement period and determining the proper disposition of petitioner's parental rights, supported by detailed findings of fact and conclusions of law consistent with the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings and Chapter 49 of the West Virginia Code. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: September 20, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5]The vacation of the court's August 11, 2022, order applies only to the termination of petitioner's parental rights. That order also terminated the father's parental rights to the child. However, he has not appealed that decision. Accordingly, the portion of the order terminating the father's rights remains in full force and effect.